1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067
   Telephone:    (310) 277-7200
4  Facsimile:    (310) 201-5219

5  Michael Lee (SBN 309504)
   mhlee@seyfarth.com
6  601 South Figueroa Street, Suite 3300
   Los Angeles, California 90017-5793
7  Telephone:    (213) 270-9600
   Facsimile:    (213) 270-9601
8
   Attorneys for Defendant
9  GOODMAN DISTRIBUTION, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSE LOPEZ, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>GOODMAN DISTRIBUTION, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 37-2020-00008077-CU-WT-CTL<br><br>**DEFENDANT GOODMAN DISTRIBUTION, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br><br>Date Action Filed:    February 11, 2020<br><br>Trial date:           None set |

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation of the Complaint. Cal. Code Civ. Proc. § 431.30(d).

## AFFIRMATIVE DEFENSES

Further, without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following separate, additional, and alternative affirmative or other defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

Plaintiff has failed to meet his burden inasmuch as the Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff has failed to meet his burden inasmuch as Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations, including, without limitation, Labor Code section 98.7, California Code of Civil Procedure sections 335.1, and 338.

## THIRD AFFIRMATIVE DEFENSE

(Plaintiff Caused Damage)

The Complaint, and each purported cause of action contained therein, is barred because Plaintiff's injuries, if any, were legally caused, in whole or in part, by Plaintiff's own negligent or intentional acts or omissions. Further, as Plaintiff failed to exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by Plaintiff and his recovery from Defendant, if any, should be reduced proportionately to the percentage of Plaintiff's negligence or fault.

## FOURTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Plaintiff is not entitled to recover the punitive damages prayed for in his Complaint, as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of

America and under the Constitution of the State of California, including Defendant's rights to: (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the Constitution of the State of California; and (3) substantive due process provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

### FIFTH AFFIRMATIVE DEFENSE

(Business Judgment/Business Need)

Plaintiff has failed to meet his burden inasmuch as Defendant was fully justified and exercised reasonable care and business judgment in the management of its operations, including personnel administration. Defendant acted with the good faith belief in the proprietary of its conduct.

### SIXTH AFFIRMATIVE DEFENSE

(Third-Party Liability)

Plaintiff has failed to meet his burden inasmuch as any alleged injuries suffered by Plaintiff were proximately caused by the acts and/or omissions of persons and entities other than Defendant, including by the acts and/or omissions of Plaintiff himself. Accordingly, Defendant is entitled to an allocation of any and all non-economic damages pursuant to California Civil Code section 1431.2.

### SEVENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons/Same Decision/Mixed Motive)

Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory and non-discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

**NINTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

Plaintiff has failed to meet his burden inasmuch as any claim of damages alleged, in whole or in part, is barred by the avoidable consequences doctrine in that Plaintiff unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purported unlawful actions and/or omissions alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff has failed to meet his burden inasmuch as any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff has failed to meet his burden inasmuch as any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred in that Plaintiff is estopped by his conduct to claim any right to damages or relief against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Consent)

Plaintiff is barred from any recovery in this action because Plaintiff consented to all alleged acts and events set forth in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Private Right of Action)

Plaintiff is barred from any recovery on his Labor Code section 230 claim because there is no private right of action under the applicable statute.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's conduct while he was employed by Defendant deprived Defendant of the benefits of Plaintiff's skills and abilities during his employment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Offset)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**PRAYER**

Defendant denies that Plaintiff has any valid claims and denies that Plaintiff is entitled to any relief. For these reasons, Defendant respectfully requests:

(1) that the Complaint be dismissed with prejudice;

(2) that Plaintiff's claims for relief be denied,

(3) that judgment be entered in favor of Defendant;

(4) that Plaintiff take nothing by way of his Complaint;

(5) that Defendant be awarded its costs of suit incurred in defense of this action; and

(6) that Defendant be awarded any other relief this Court deems just and proper.

DATED: March 25, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Jamie C. Pollaci
Michael Lee
Attorneys for Defendant
GOODMAN DISTRIBUTION, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          ) SS
COUNTY OF LOS ANGELES     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On 25 March 2020, I served the within document(s):

DEFENDANT GOODMAN DISTRIBUTION, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

[ ] by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

[ ] electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Stalwart Law Group | T: (310) 954-2000; F: (310) 943-0303 |
| Ji-In Lee Houck, Esq. | jiin@stalwartlaw.com |
| David Angeloff, Esq. | david@stalwartlaw.com |
| Cindy Hickox, Esq. | cindy@stalwartlaw.com |
| 1100 Glendon Avenue | |
| Suite 1840 | Attorneys for Plaintiff |
| Los Angeles, California 90024 | *Jose Lopez* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 25 March 2020, at Los Angeles, California.

Denise R. Wasko-Peña

PROOF OF SERVICE